WISCONSIN PROFESSIONAL POLICE ASSOCIATION, INC., John Charewicz, David Mahoney, Susan Armagost, Steven Urso and State Engineering Association, by its President, Thomas H. Miller, David Buschkopf, Ross Johnson, Melvin Sensenbrenner, Bernard Kranz and Thomas H. Miller, Petitioners,

v.

George LIGHTBOURN, Secretary of the Wisconsin Department of Administration, Jack C. Voight, Wisconsin State Treasurer, Wisconsin Education Association Council, by its President Terry Craney and its Vice-President, Stan Johnson, and Donald Krahn, Margaret Guertler, Gerald Martin and Phyllis Pope, Respondents.

Supreme Court

*No. 99–3297–OA. Filed December 28, 2000.*

2000 WI 133

(Also reported in 620 N.W.2d 618.)

¶ 1.    PER CURIAM.    On December 29, 1999, this court enjoined the Employee Trust Funds Board, the Department of Employee Trust Funds, and Eric Stanchfield, Secretary of the Department of Employee Trust Funds, as well as all petitioners and respondents in this matter, from implementing or enforcing 1999 Wisconsin Act 11 and 1999 Wisconsin Act 12 until further order of this court. The court thereafter granted

leave to commence an original action. The original action was briefed by the parties and argued before this court on October 4, 2000.

¶ 2. On December 20, 2000, respondents Wisconsin Education Association Council et al. (WEAC) moved this court for relief pending final disposition of the appeal. Specifically, WEAC asked this court to dissolve the preliminary injunction with respect to four sections of 1999 Wisconsin Act 11, namely, Sections 12, 14, 25, and 26.

¶ 3. On December 23, 2000, this court ordered petitioners Wisconsin Professional Police Association, Inc. et al. and State Engineering Association et al. and respondents George Lightbourn et al. to respond to the WEAC motion by noon on December 27, 2000. They have done so, and objections have been set forth to each aspect of WEAC's motion.

¶ 4. We have carefully examined the motion for interim relief and the responses thereto, as well as the additional filing by WEAC, and we deny the motion. The moving party has not established grounds for granting the motion.

*By the Court.*—The motion is denied.